O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THEODORE JOHN NELSON, | ) | CASE NO. CV 15-1072 RGK (RZ) |
| Petitioner, | ) ) ) | ORDER TO SHOW CAUSE |
| vs. | ) ) | |
| F.S.P. Warden, | ) ) | |
| Respondent. | ) ) | |

The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that his challenge to his 2011 conviction may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010).

///

///

Petitioner indicates that he signed the current petition on February 3, 2015. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) On Wednesday, February 9, 2011, Petitioner entered a no contest plea to cohabitant battery charges in Los Angeles County Superior Court. He was sentenced that day to 12 years in prison. Pet. ¶ 2.

(b) Petitioner did not appeal. Pet. ¶ 3. The judgment became final after Monday, April 11, 2011, after his 60-day deadline for seeking a certificate of probable cause, and noticing an appeal, expired. *See* CAL. R. CT., Rules 8.304(b) (need for certificate) & 8.308 (60-day deadline). His one-year AEDPA limitations period began running at that time.

(c) One year passed, during which Petitioner had no pending state-court challenges to his conviction or sentence. His limitations period thus appears to have expired after Wednesday, April 11, 2012.

(d) Two more years passed. In "April 2014," Petitioner filed the first of three hierarchical state habeas petitions, in the trial court. That court denied relief, as did the California Court of Appeal and California Supreme Court. The state high court denied his final petition on November 12, 2014. Pet. ¶¶ 6(a)-(c).

(e) Over two months later, Petitioner signed the current petition.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale in April of 2012, one year after his conviction became final. Petitioner's commencement of state habeas proceedings thereafter did not rejuvenate his stale claims. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this

action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 30 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: February 18, 2015

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE